UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD ALLAN WATTS,

                        Plaintiff,

            -against-

DEPARTMENT OF JUSTICE OFFICE OF
THE INSPECTOR GENERAL,

                        Defendant.

1:26-CV-2911 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Edward Allan Watts, of Fort Smith, Sebastian County, Arkansas, filed this action

*pro se*, seeking what appears to be injunctive relief, specifically, "that the United States

Department of Justice['s] Office of the Inspector General honor its agreement to investigate."

(ECF 1-1, at 4.) He sues the United States Department of Justice's Office of the Inspector

General, a federal agency. The Court construes Plaintiff's complaint as asserting claims under the

Administrative Procedure Act and/or 28 U.S.C. § 1361. For the following reasons, the Court

transfers this action to the United States District Court for the Western District of Arkansas.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(e)(1),

which provides that, unless otherwise provided by law, any civil action brought against a federal

agency must be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated, or (C) the
> plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the judicial district

where the person is domiciled, and an "entity with the capacity to sue and be sued," if a

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

A federal agency resides where it is headquartered, which is usually in Washington, D.C. *See New York v. Pruitt*, Nos. 1:18-CV-1030, 1:18-CV-1048 (JPO), 2018 WL 2411595, at *3 (S.D.N.Y. May 29, 2018) (citing, *inter alia*, *Reuben H. Donnelley Corp. v. FTC*, 580 F.2d 264, 267 (7th Cir. 1978)); *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp 2d 454, 463-64 (S.D.N.Y. 2005) (Marrero, D.J.) (quoting *Reuben H. Donnelley Corp.*, 580 F.2d at 267). The United States Department of Justice's Office of the Inspector General's headquarters are, like many other federal agencies' headquarters, located in Washington, D.C. The District of Columbia constitutes one federal judicial district. *See* 28 U.S.C. § 88. Thus, under Section 1391(e)(1)(A), the United States District Court for the District of Columbia is a proper venue for this action.

Plaintiff alleges that a significant portion of the alleged events have occurred in Fort Smith, Sebastian County, Arkansas (ECF 1-1, at 1-4), which lies within the Western District of Arkansas, *see* 28 U.S.C. § 83(b)(3). He also seems to assert that at least some of the alleged events have occurred within this judicial district. (*See* ECF 1-1, 1-2, 3.) Thus, under Section 1391(e)(1)(B), this court and the United States District Court for the Western District of Arkansas are proper venues for this action.

None of Plaintiff's claims appear to involve real property, and Plaintiff resides in Fort Smith, Sebastian County, Arkansas (ECF 1, at 1), within the Western District of Arkansas, *see* § 83(b)(3). Thus, under Section 1391(e)(1)(C), the United States District Court for the Western District of Arkansas is a proper venue for this action.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other federal district court where it might have been brought

"[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The vast majority of the underlying alleged events have occurred within the Western District of Arkansas (ECF 1-1, at 1-4), and it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. Thus, the United States District Court for the Western District of Arkansas, which is a proper venue for this action under Section 1391(e)(1)(B) and (C), appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of Arkansas. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of Arkansas. Whether Plaintiff should be permitted to proceed

further without prepayment of fees (ECF 2) and whether his "motion to cure and strike" (ECF 5) should be granted are determinations to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court directs the Clerk of Court to terminate ECF 5 on this court's electronic docket of this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 29, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4